IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SANDY ROTH | Civil Action No. |
| Plaintiff, | Complaint and Demand for Trial by Jury |
| v. | |
| HUNTERDON HEALTHCARE, LLC | |
| HUNTERDON HEALTHCARE SYSTEM, INC. | |
| HUNTERDON MEDICAL CENTER | |
| PHILLIPS-BARBER FAMILY HEALTH CENTER | |
| TERRY SHLIMBAUM, M.D. | |
| KEVIN K. MOONEY, M.D. | |
| MICHAEL FELCONE, PA | |
| Defendants | |

Plaintiff Sandy Roth, residing at 6164 Yorkshire Road, New Hope, Pennsylvania, 18938, states in support of her complaint against defendants, as follows:

## NATURE OF THE CASE

This is a medical negligence action brought by Sandy Roth against the medical personnel who provided her with medical care at the Phillips Barber Family Health Center in 2007 and 2008 and the entities by whom they were employed, and on whose behalf they acted. While plaintiff exhibited symptoms which required imaging studies and other work-up, the defendants negligently failed to perform such studies and work up. As a result, the plaintiff's lung cancer was not timely diagnosed, allowed to spread to distant sites, and will invariably cause the plaintiff extended treatments and an early demise. This action seeks money damages as compensation for the harm resulting from the defendants' negligence.

## JURISDICTION

1. Jurisdiction is based upon diversity of citizenship and jurisdictional amount pursuant to 28 U.S.C. §§1332.

2. Plaintiff, Sandy, Roth, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 6164 Yorkshire Rd., New Hope.

3. Defendant, Kevin K. Mooney, M.D., is a citizen and resident of the State of New Jersey, residing therein at 510 Sturbridge Court, Flemington, 08822-2021.

4. Defendant, Michael Felcone, is a citizen and resident of the State of New Jersey, residing therein at 54 Wilburtha Rd., Ewing, 08628-2634.

5. Defendant, Terry Shlimbaum, M.D., is a citizen and resident of the State of New Jersey residing therein at 58 Red Mill Rd., Glen Gardener, NJ 08826-3284.

6. Defendant, Hunterdon Healthcare, LLC, is a corporation incorporated in the state of New Jersey with its principle and only places of business therein, and therefore is a citizen of the State of New Jersey. Its principal place of business is 2100 Wescott Drive, Flemington NJ, 08822.

6. Defendant, Hunterdon Healthcare System, Inc., is a corporation incorporated in the state of New Jersey with its principle and only places of business therein, and therefore is a citizen of the State of New Jersey. Its principal place of business is 2100 Westcott Drive, Flemington NJ, 08822.

7. Defendant, Hunterdon Medical Center, is a corporation incorporated in the state of New Jersey with its principle and only places of business therein, and therefore is a citizen of the State of New Jersey. Its principal place of business is 2100 Wescott Drive, Flemington, NJ, 08822.

8. Defendant, Phillips-Barber Family Health Center, is a licensed medical facility located and doing business only in the state of New Jersey at 72 Alexander Ave, Lambertville, and therefore is a citizen of the State of New Jersey, 08530.

## JURISDICTION

9. Jurisdiction is vested in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. Section 1332 as there is complete diversity between the plaintiff and all defendants and the matter in controversy exceeds, exclusive of interest and costs, the sum of value of $75,000.00.

## VENUE

10. Venue is properly laid in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b) for each of the following independent reasons: (1) defendants all reside within the same judicial district of New Jersey, and (2) a substantial part, if not all, of the acts and omissions giving rise to the claim occurred in the State and Judicial District of New Jersey.

## PARTIES

11. Plaintiff, Sandy Roth, is a resident of the Commonwealth of Pennsylvania, residing therein at 6164 Yorkshire Road, New Hope, Pennsylvania, 18938.

12. Defendant, Hunterdon Healthcare, LLC, is and was at all times relevant hereto, a non-profit health care organization in Flemington, New Jersey, which owned, operated, and held the license for the medical facility known as Phillips-Barber Family Health Center located at 72 Alexander Avenue, Lambertville, New Jersey.

13. Defendant, Hunterdon Healthcare System, Inc., is and was at all times relevant hereto, a non-profit healthcare organization which owned and operated the Hunterdon Medical Center and its licensed health care facility known as Phillips-Barber Family Health Center at 72 Alexander Ave, Lambertville, NJ.

14. Defendant, Hunterdon Medical Center, is and was at all times relevant hereto, a non-profit health care organization in Flemington, New Jersey, which owned, operated, and held the license for the medical facility known as Phillips-Barber Family Health Center located at 72 Alexander Avenue, Lambertville, New Jersey.

15. Defendant, Phillips Barber Family Health Center is and was at all times relevant hereto a licensed health care facility providing medical care in the State of New Jersey with its

offices at 72 Alexander Avenue, Lambertville, New Jersey.

16. Defendant, Terry Shlimbaum, M.D., is and was at all times relevant hereto a physician licensed to practice medicine in the state of New Jersey, who was the medical director of the Phillips-Barber Family Health Center with offices located at 72 Alexander Avenue, Lambertville New Jersey, 08530 and who undertook and/or otherwise oversaw and/or supervised and/or assisted in the diagnosis, care and treatment of Sandy Roth.

17. Defendant, Kevin K. Mooney, M.D. is, and was at all times relevant hereto, a physician licensed to practice medicine in the State of New Jersey, who was the assistant director for Phillips-Barber Family Health Center with offices located therein at 72 Alexander Ave., Lambertville, New Jersey, 08530, and who undertook and/or supervised and/or otherwise oversaw and assisted in the diagnosis, care, and/or treatment of plaintiff Sandy Roth.

18. Defendant, Michael Felcone, PA is, and was at all times relevant hereto, a physician's assistant licensed to practice in the state of New Jersey who provided care to patients at the Phillips-Barber Family Health Center including Sandy Roth, under the supervision of Terry Shlimbaum, M.D., Kevin Mooney, M.D., and other physicians.

19. At all times relevant hereto, each of the defendants acted as the agent of the other and each was charged with the duty of: providing proper medical care and/or supervision and/or training and/or oversight of the physicians, physician assistants and/or other medical staff providing care at the Phillips-Barber Family Health Center; establishing and/or enforcing and/or following policies and procedures to ensure the quality of care given to patients at the Phillips-Barber Family Health Center; and/or selecting and retaining only qualified physicians, physician assistants and medical staff to provide care at the Phillips Barber Family Health Center, and/or otherwise ensuring the quality of care being provided to patients at the Phillips-Barber Family

Health Center.

## FACTUAL ALLEGATIONS

20.     On or about October 31, 2006, Sandy Roth came under the care of the physicians, physician assistants, and other medical staff at Phillips-Barber Family Health Center, and, as relevant hereto, thereafter received medical care from defendants Shlimbaum, Mooney, Felcone, and other physicians and medical staff each of whom provided such care in the furtherance of the business interests, and while acting within the course and scope of their agency and/or employment with defendants Phillips-Barber Family Health Center, Hunterdon Medical Center, Hunterdon Healthcare, LLC, and the Hunterdon Healthcare System, Inc.

21.     Defendant Felcone, as a physician assistant, was required to be supervised in his care of plaintiff by a physician, particularly with respect to Ms. Roth, by defendants Shlimbaum, Mooney and others physicians associated with the Phillips-Barber Family Health Center.

22.     Beginning on or about February 13, 2007, and continuing thereafter, Ms. Roth presented to her Phillips-Barber health care providers with signs, symptoms, and complaints many of which related to her respiratory system, including, without limitation:

    a.     February 13, 2007. when seen by defendant Felcone, she presented with congestion, no fever, weight of 133 pounds, mildly tender right sided lymphadenopathy,

    b.     at a "well adult" visit on June 7, 2007, general medical history information was collected including an incomplete smoking history;

    c.     On December 20, 2007, Ms. Roth presented to defendant Felcone

with "unusual daily asthma;" dry cough; body aches; daily use of Albuterol inhaler without adequate response; lungs clear to auscultation; weight of 118 pounds; elevated blood pressure; complaints of not feeling right; and appeared generally "tired," and no inquiry was made into reasons for the change in asthma;

 d. Ms. Roth was seen by defendant Mooney on February 1, 2008, with complaints of congestion; she looked ill and thin; 101.5 degree temperature; elevated blood pressure; rapid heart beat;

 e. defendant Felcone saw Ms. Roth on February 5, 2008, with fever and looking sick; increased fatigue; worsened symptoms; hacking cough; body aches; elevated blood pressure; copious purulent secretions; and egophony;

 f. on February 8, 2008, defendant Felcone saw Ms. Roth whose weight was 114 pounds; blood pressure was elevated; had thick secretions; muscle spasms; decreased cough; pain; peak flow of 290; decreased breath sounds in right lobe with egophony;

 g. she returned to defendant Felcone on March 13, 2008, with no recorded respiratory abnormalities, though she "needs Albuterol."

 h. defendant Felcone saw Ms. Roth on April 23, 2008, for complaints and signs/symptoms of chest and nasal congestion; coughing; asthma; ear discomfort; palpitations; weight of 116 pounds; temperature of 100.4 degrees; pulse of 88; thick purulent post nasal drip;

    i. Ms. Roth saw defendant Felcone on May 7, 2008, with complaints of pain across upper chest and back with swallowing, pain which could be reproduced upon palpation; increased pain with solids; some musculoskeletal back pain; severe at times; weight was 114 pounds; pain was 9 of 10;

    j. on August 26, 2008, Ms. Roth was seen by defendant Felcone for symptoms attributed to asthma which had worsened over the preceding two weeks.

  23. On or about October 5, 2008, Ms. Roth came under the care of another physician, not affiliated with Phillips-Barber, who two days thereafter referred her for a "stat" chest x-rays which revealed a "mass like" opacity and other abnormalities. A CT scan followed that date which revealed more findings consistent with lung cancer, later confirmed to be non-small cell metastatic lung carcinoma.

  24. Defendant Felcone negligently and carelessly failed to exercise the degree of care and skill required of him under these circumstances in the treatment and care of Sandy Roth, including, but not limited to, the following deviations from generally accepted standards of care:

    a. failing to properly diagnose Sandy Roth's illness and condition;

    b. failing to elicit a full and complete medical history from Ms. Roth, including her history of smoking, and failing to retrieve and obtain earlier medical records of Ms. Roth (pre-dating her visit of or about October 31, 2006, and appreciate their contents);

    c. failing to note or recognize and appreciate Ms. Roth's weight loss and variation and its significance under the circumstances;

- d. failure to properly account for asthma type symptoms and/or signs in the absence of evidence of asthma or which could not be properly accounted for by asthma;
- e. achieving a diagnosis or impression of viral syndrome in the absence of significant signs and/or symptoms thereof;
- f. failing to fully and properly account for Ms. Roth's signs and symptoms in reaching an impression and/or diagnosis and developing a treatment plan;
- g. failing to engage a physician to evaluate, examine, and review Ms. Roth's condition, signs and symptoms;
- h. failing to order or prescribe or recommend an appropriate radiology study, including chest x-ray, to gather diagnostic information;
- i. failure to properly and accurately account for difficulty in breathing in light of the history and signs and symptoms present;
- j. failure to perform an adequate evaluation and examination to confirm or rule out suspected pneumonia or other causes;
- k. failure to properly evaluate, assess, and/or study the presence of egophony to determine its cause;
- l. failure to make and rule out differential diagnoses for plaintiff's condition;
- m. failure to properly and timely treat plaintiff's condition;
- n. failure to properly assure the health and safety of the plaintiff;
- o. failure to properly take necessary and appropriate prophylactic steps to safe guard the patient from serious illness;
- p. failure to comply with applicable policies, procedures, protocols,

standards, and law.

25. Defendant Mooney negligently and carelessly failed to exercise the degree of care and skill required of him under these circumstances in the treatment and care of Sandy Roth, including, but not limited to, the following deviations from generally accepted standards of care:

    a.    failing to properly diagnose Sandy Roth's illness and condition;

    b.    failing to elicit a full and complete medical history from Ms. Roth, including her history of smoking, and failing to retrieve and obtain earlier medical records of Ms. Roth pre-dating her visit of or about October 31, 2006, and appreciate their contents;

    c.    failing to note or recognize and appreciate Ms. Roth's weight loss and variation and its significance under the circumstances especially upon noting that Ms. Roth appeared "thin" and "ill";

    d.    failing to adequately familiarize himself with Ms. Roth's health history and presentations to Mr. Felcone;

    e.    failure to properly account for asthma type symptoms and/or signs in the absence of evidence of asthma or which could not be properly accounted for by asthma;

    f.    achieving a diagnosis or impression of viral febrile illness without developing a plan to treat same other than administering a flu test which was negative, and failing to rule out alternative conditions;

    g.    failing to fully and properly account for Ms. Roth's signs and symptoms in reaching an impression and/or diagnosis and developing a treatment plan;

h.  failing to order or prescribe or recommend an appropriate radiology study, including chest x-ray, to gather diagnostic information;

i.  failure to properly and accurately account for difficulty in breathing in light of the signs and symptoms present;

j.  failure to perform an adequate evaluation and examination to confirm or rule out suspected pneumonia or other causes;

k.  failure to properly evaluate, assess, and/or study the presence of egophony to determine its cause;

l.  failure to make and rule out differential diagnoses for plaintiff's condition;

m.  failure to properly and timely treat plaintiff's condition;

n.  failure to properly assure the health and safety of the plaintiff;

o.  failure to properly take necessary and appropriate prophylactic steps to safe guard the patient from serious illness;

p.  failure to comply with applicable policies, procedures, protocols, standards, and law.

26. Defendant Shlimbaum and defendant Mooney and other physicians at the Phillips Barber Family Health Center (including but not limited to Margaret J. Eichman, Joseph P. Wiedener, David Schmitt, Monica Meyer, and/or Joseph Waters) negligently and carelessly failed to provide proper supervision and supervisory care over Sandy Roth's medical treatment, on the occasion of her several visits at the health center where she was seen by a physician assistant or other category of non physician staff at that facility, specifically the above described visits with Michael Felcone.

27. Defendants Hunterdon Healthcare System, Inc., Hunterdon Medical

Center, Hunterdon Healthcare, LLC, and Phillips-Barber Family Health Center failed to oversee the practice of medicine by its physicians, physician assistants and other medical staff, failed to select and retain reasonably skilled and competent medical staff for its patients, and failed to formulate, adopt, and enforce adequate rules and policies to ensure the quality of care for its patients.

28. Sandy Roth did not know or have reason to know of her cancer until the time of her diagnosis by other physicians on October 14, 2008. Plaintiff has commenced the instant action within all applicable statutes of limitations and/or within all extensions of such statutes of limitations provided by statutory provisions and/or court rules or decisions such as, without limitations, the "discovery rule" extension of the statute of limitations.

29. As a result of the negligence and carelessness of the defendants either directly or by their agents and/or employees, there was a significant delay in the diagnosis and treatment of Sandy Roth's lung cancer, allowing her cancer to metastasize and spread to distant organs and locations, and allowing for the advancement of her cancer to a more lethal stage IV of the disease, thereby significantly increasing her risk of harm.

30. As a result of the negligence and carelessness of the defendants either directly or by their agents and/or employees, plaintiff Sandy Roth has been caused to undergo additional treatments as well as expenses related to those treatments, she has been limited in her occupation and in activities of daily living and is likely to continue to be caused to undergo such treatments, expenses, and limitations in the future. She has suffered a loss of earnings and earning capacity. She has suffered and is likely to continue to suffer physical and emotional pain, suffering and an impairment in the quality of her life, and a diminished life expectancy.

FIRST CLAIM

Plaintiff vs. Hunterdon Healthcare, LLC.

31.     Plaintiff incorporates paragraphs 1 to 30 herein by way of reference as if fully set forth herein.

32.     Defendant Hunterdon Healthcare, LLC by its agents and employees provided substandard medical care to Sandy Roth as above described causing her harm and increasing her risk of harm from her cancer.

33.     Defendant Hunterdon Medical Center breached its duty of care to Sandy Roth by failing to oversee the practice of medicine at Phillips-Barber Family Health Center, by failing to train, select and retain skilled and competent staff at the Phillips-Barber Family Health Center, and by failing to formulate, adopt and enforce, adequate rules and policies to ensure the quality of care for patients at the Phillips-Barber Family Health Center.

SECOND CLAIM

Plaintiff v. Hunterdon Healthcare System, Inc.

34.     Plaintiff incorporates paragraphs 1 to 30 herein by way of reference as if fully set forth herein.

35.     Defendant Hunterdon Healthcare System, Inc., by its agents and employees provided substandard medical care to Sandy Roth as above described causing her harm and increasing her risk of harm from her cancer.

36.     Defendant Hunterdon Healthcare System, Inc., breached its duty of care to Sandy Roth by failing to oversee the practice of medicine at Phillips-Barber Family Health Center, by failing to train, select and retain skilled and competent staff at the Phillips-Barber

Family Health Center, and by failing to formulate, adopt and enforce, adequate rules and policies to ensure the quality of care for patients at the Phillips Barber Family Health Center.

## THIRD CLAIM

### Plaintiff vs. Hunterdon Medical Center

37. Plaintiff incorporates paragraphs 1 to 30 herein by way of reference as if fully set forth herein.

38. Defendant Hunterdon Medical Center by its agents and employees provided substandard medical care to Sandy Roth as above described causing her harm and increasing her risk of harm from her cancer.

39. Defendant Hunterdon Medical Center breached its duty of care to Sandy Roth by failing to oversee the practice of medicine at Phillips-Barber Family Health Center, by failing to train, select and retain skilled and competent staff at the Phillips-Barber Family Health Center, and by failing to formulate, adopt and enforce, adequate rules and policies to ensure the quality of care for patients at the Phillips-Barber Family Health Center.

## FOURTH CLAIM

### Plaintiff vs. Phillips-Barber Family Health Center

40. Plaintiff incorporates paragraphs 1 to 30 herein by way of reference as if fully set forth herein.

41. Defendant Phillips Barber Family Health Center by its agents and employees provided substandard medical care to Sandy Roth as above described causing her harm and increasing her risk of harm from her cancer.

42. Defendant Phillips-Barber Family Health Center breached its duty of care to Sandy Roth by failing to oversee the practice of medicine at Phillips Barber Family Health Center, by failing to train, select and retain skilled and competent staff at the Phillips Barber Family Health Center, and by failing to formulate, adopt and enforce, adequate rules and policies to ensure the quality of care for patients at the Phillips Barber Family Health Center.

FIFTH CLAIM

Plaintiff vs. Terry Shlimbaum

43. Plaintiff incorporates by reference paragraphs 1 to 30 herein by way of reference as if fully set forth herein.

44. Defendant Terry Shlimbaum, M.D. provided substandard and negligent care to Sandy Roth as above described, more particularly by negligently failing to provide proper supervision and oversight to the physician's assistant and other medical staff who cared for Sandy Roth at the Phillips-Barber Family Health Center as above described, thereby causing her harm and substantially increasing her risk of harm from her cancer.

SIXTH CLAIM

Plaintiff vs. Kevin Mooney, M.D.

45. Plaintiff incorporates paragraphs 1 to 30 herein by way of reference as if fully set forth herein.

46. Defendant, Kevin Mooney, provided substandard and negligent care to Sandy Roth as above described, and negligently failed to provide proper supervision and supervisory care to the physician's assistant and other medical staff who cared for Sandy Roth at the Phillips Barber Family Health Center as above described, thereby causing her harm and substantially increasing her risk of harm from her cancer.

SEVENTH CLAIM

Plaintiff vs. Michael Felcone

47. Plaintiff incorporates paragraphs 1 to 30 herein by way of reference as if fully set forth herein.

48. Defendant, Michael Felcone PA-C, provided substandard and negligent care to Sandy Roth as above described, and negligently failed to alert his supervising physicians of her abnormal findings, thereby causing harm and substantially increasing her risk of harm from her cancer.

RELIEF REQUESTED

WHEREFORE, plaintiff seeks judgment against each of the defendants and an award of monetary compensation for the damages she suffered as a result of the defendants substandard and negligent breach of their duties of care including compensation for medical expenses, lost earnings and lost earning capacity, physical disability and inconvenience, loss of life's pleasures, loss of life expectancy, physical and mental pain, suffering, and distress in the past and in the future, and such other relief that is just under the circumstances.

Date: 11/30/09

By: _____
Judy Greenwood, Esquire
Law Offices of Judy Greenwood, P.C.
1800 JFK Boulevard, Suite 1500
Philadelphia, PA 19103
jglawoffice1@aol.com
(215) 557-7500
(215) 557-7503 (fax)

## Jury Demand

Please take notice that plaintiff demands a trial by jury as to all issues.

## Designation of Trial Counsel

Please take notice that Judy Greenwood is hereby designated as trial counsel on behalf of the plaintiff.

By: _____

Judy Greenwood, Esquire

Date: 11/20/09