POST & SCHELL, P.C.
Jay A. Gebauer
Overlook Center - 2nd Floor
100 Overlook Drive
Princeton, NJ 08540
Phone: 609-375-2108
Attorneys For Defendant Hunterdon Healthcare, LLC

| | |
|---|---|
| SANDY ROTH<br><br>Plaintiff<br><br>vs.<br><br>HUNTERDON HEALTHCARE, LLC., HUNTERDON HEALTHCARE SYSTEM, INC., HUNTERDON MEDICAL CENTER, PHILLIPS-BARBER FAMILY HEALTH CENTER, TERRY SHLIMBAUM, M.D., KEVIN K. MOONEY, M.D., MICHAEL FELCONE, PA<br><br>Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO. 09-CV-06086<br><br>***ANSWER, CROSSCLAIMS SEPARATE DEFENSES, DEMAND FOR STATEMENT OF DAMAGES CLAIMED, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR JURY TRIAL, CERTIFICATION*** |

Defendant, Hunterdon Healthcare, LLC by and through its attorney Jay A. Gebauer, hereby answers the Plaintiff's Complaint as follows:

**JURISDICTION**

1. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

2. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

3. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

4. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

5. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

6. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

6. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

7. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

8. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

9. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

**VENUE**

10. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

11. The answering defendant is without knowledge from which to form an answer to the allegations hereof and therefore leaves the Plaintiff to her proofs with respect thereto.

12. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied. Denied.

13. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

14. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

15. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

16. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

17. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

18. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

19. Denied. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

**FACTUAL ALLEGATIONS**

20. Denied. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

21. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

22.(a-j) The answering defendant is without knowledge from which to form an answer to the allegations hereof and therefore leaves the Plaintiff to her proofs with respect thereto.

23. The answering defendant is without knowledge from which to form an answer to the allegations hereof and therefore leaves the Plaintiff to her proofs with respect thereto.

24.(a-p)The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

25.(a-p)The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

26. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

27. Denied.

28. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

29. Denied.

30. Denied.

**FIRST COUNT**

31. Answering defendant hereby incorporates by reference its answer to each and every allegation of the preceding paragraphs of plaintiff's Complaint as fully as if set forth herein in their entirety.

32. Denied.

33. Denied. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

**SECOND COUNT**

34. Answering defendant hereby incorporates by reference its answer to each and every allegation of the preceding paragraphs of plaintiff's Complaint as fully as if set forth herein in their entirety.

35. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

36. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

**THIRD COUNT**

37. Answering defendant hereby incorporates by reference its answer to each and every allegation of the preceding paragraphs of plaintiff's Complaint as fully as if set forth herein in their entirety.

38. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

39. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

**FOURTH COUNT**

40. Answering defendant hereby incorporates by reference its answer to each and every allegation of the preceding paragraphs of plaintiff's Complaint as fully as if set forth herein in their entirety.

41. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

42. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

**FIFTH COUNT**

43. Answering defendant hereby incorporates by reference its answer to each and every allegation of the preceding paragraphs of plaintiff's Complaint as fully as if set forth herein in their entirety.

44. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

**SIXTH COUNT**

45. Answering defendant hereby incorporates by reference its answer to each and every allegation of the preceding paragraphs of plaintiff's Complaint as fully as if set forth herein in their entirety.

46. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

**SEVENTH COUNT**

47. Answering defendant hereby incorporates by reference its answer to each and every allegation of the preceding paragraphs of plaintiff's Complaint as fully as if set forth herein in their entirety.

48. The allegations contained in this paragraph are not directed to the answering defendant and therefore, no answer is required.

**FIRST SEPARATE DEFENSE**

Answering Defendant was guilty of no negligence which was the proximate cause of the injuries alleged.

**SECOND SEPARATE DEFENSE**

Answering Defendant performed each and every duty and obligation owed to the Plaintiff.

**THIRD SEPARATE DEFENSE**

Any injuries allegedly sustained by the Plaintiff is the result of the negligence and/or contributory negligence of the Plaintiff.

**FOURTH SEPARATE DEFENSE**

Plaintiff is barred from recovery by contributory negligence, which negligence was greater than that of Answering Defendant.

**FIFTH SEPARATE DEFENSE**

Plaintiff's claim against the Answering Defendant is eliminated and/or reduced by the applicable provisions of the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-1 et seq.

**SIXTH SEPARATE DEFENSE**

Any injuries allegedly sustained were the result of an unavoidable occurrence which was beyond the control of Answering Defendant.

**SEVENTH SEPARATE DEFENSE**

Plaintiff assumed the risk inherent in the activity engaged in by the Plaintiff.

**EIGHTH SEPARATE DEFENSE**

Any injuries or damages which Plaintiff may have sustained were due to the act or acts of a third person or persons over whom Answering Defendant had no control.

**NINTH SEPARATE DEFENSE**

The proximate cause of the alleged injuries was the existing or pre-existing physical condition of the Plaintiff.

**TENTH SEPARATE DEFENSE**

To the extent that it may be applicable, Plaintiff's Complaint is barred by the applicable Statue of Limitations.

**ELEVENTH SEPARATE DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**TWELFTH SEPARATE DEFENSE**

To the extent applicable, Plaintiff's Complaint is barred or limited by lack of personal and/or subject matter jurisdiction.

**THIRTEENTH SEPARATE DEFENSE**

To the extent applicable, Plaintiff's claims are barred or limited by entire controversy doctrine.

**FOURTEENTH SEPARATE DEFENSE**

Pursuant to NJSA 2A:53A-27, demand is hereby made for an affidavit of merit within the time provided by the Statute.

**CROSSCLAIM FOR CONTRIBUTION**

Defendant, Hunterdon Healthcare, LLC, hereby makes a claim for contribution pursuant to the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53-1 et seq., against the Co-defendants, Hunterdon Healthcare System, Inc., Hunterdon Medical Center, Phillips-Barber Family Health Center, Terry Shlimbaum, M.D., Kevin K. Mooney, M.D. and Michael Felcone, PA; in the alternative, Answering Defendant contends that in the event that proofs

develop in discovery or at trial to establish a basis for liability on the part of any other Defendant, and such Defendant or Defendants enter into a settlement agreement, in whole or in part with Plaintiff, then Answering Defendant asserts a Claim for credit reducing the amount of any judgment in favor of Plaintiff against Answering Defendant to reflect the degree of fault to the settling Defendant or Defendants pursuant to Young v. Latta, 123 N.J.584(1991).

**CROSSCLAIM FOR INDEMNIFICATION**

Without admitting any liability herein, Defendant, Hunterdon Healthcare, LLC, claims complete common law and contractual indemnification from the Co-defendants, Hunterdon Healthcare System, Inc., Hunterdon Medical Center, Phillips-Barber Family Health Center, Terry Shlimbaum, M.D., Kevin K. Mooney, M.D. and Michael Felcone, PA on the grounds that their negligence was active, primary and directed, as compared to the negligence, if any, of the Answering Defendant, which was passive, vicarious and indirect.

WHEREFORE, Defendant, Hunterdon Healthcare, LLC, demands Judgment against Co-defendants, Hunterdon Healthcare System, Inc., Hunterdon Medical Center, Phillips-Barber Family Health Center, Terry Shlimbaum, M.D., Kevin K. Mooney, M.D. and Michael Felcone, PA for contribution and/or indemnification for any judgment which the Plaintiff may obtain against the Answering Defendant.

**ANSWER TO CROSSCLAIMS**

Answering Defendant denies each and every allegations of any and all crossclaims which may have been or may be asserted against Defendant, Hunterdon Healthcare, LLC.

**DEMAND FOR JURY TRIAL**

A trial by jury is hereby demanded on all triable issues.

## NOTICE PURSUANT TO RULES 1:5-1(a) and 4:17-4(c)

TAKE NOTICE, that the undersigned attorney, counsel for the Answering Defendant, does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c) that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories from any party, including any documents, papers and other materials referred to therein, upon the undersigned attorney, and TAKE NOTICE that it is a continuing demand.

## STATEMENT OF DAMAGES CLAIMED

TAKE NOTICE, that pursuant to the provision of Rule 4:5-2, it is hereby requested that within five days after the service hereof, Plaintiff shall furnish to this Defendant a written statement specifying the amount of damages claimed.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Upon belief, and based on information known to the undersigned at the time of the filing of this pleading, it appears that there are no other actions or arbitrations related to this suit which are pending or presently contemplated and it appears that there are no other persons who should be joined as parties.

## NOTICE PURSUANT TO RULE 4:25-4

TAKE NOTICE, that Jay A. Gebauer, of Post & Schell, P.C., has been designated as trial counsel for the Answering Defendant in the above entitled litigation.

**CERTIFICATION**

The undersigned hereby certifies that the within Answer is filed and served in accordance with Rule 4:6.

POST & SCHELL, P.C.

BY ______________________

Jay A. Gebauer
Attorney for Defendant
Hunterdon Healthcare,
LLC

Date: February 23, 2010