**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SANDY ROTH, | CIVIL ACTION NO. 09-6086 (MLC) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. |  |
| HUNTERDON HEALTHCARE, LLC, et al., |  |
| Defendants. |  |

**THE PLAINTIFF** (1) bringing this action on December 1, 2009, to recover damages for medical malpractice against the defendants, Hunterdon Healthcare, LLC ("HHLLC"), Hunterdon Healthcare System, Inc., Hunterdon Medical Center, Phillips-Barber Family Health Center ("PBF"), Terry Shlimbaum, Kevin K. Mooney, and Michael Felcone, (2) asserting jurisdiction under 28 U.S.C. § ("Section") 1332, and (3) bearing the burden of demonstrating jurisdiction (dkt. entry no. 1, Compl.), see Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction lacking); and

**IT APPEARING** upon reference to the Complaint and the Court's own research that (1) the plaintiff is a Pennsylvania citizen, (2) Hunterdon Healthcare System, Inc., and Hunterdon Medical Center are deemed to be New Jersey citizens, and (3) Shlimbaum, Mooney, and Felcone are New Jersey citizens (Compl. at 2-3); but

**THE PLAINTIFF** incorrectly alleging that HHLLC is a New Jersey corporation with its principal place of business in New Jersey (id. at 3), as HHLLC is a limited liability company; and it

appearing that limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business, <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 418-20 (3d Cir. 2010); and it appearing that the citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship, <u>id.</u> at 420; and it appearing that the citizenship of each member must be specifically alleged, <u>see</u> <u>S. Freedman & Co. v. Raab</u>, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); <u>Vail v. Doe</u>, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties"); and HHLLC providing no guidance to the Court in its answer (<u>see</u> dkt. entry no. 12, 1st Ans. at 2); and

**THE PLAINTIFF** merely alleging that PBF "is a licensed medical facility" in New Jersey (Compl. at 3); and the plaintiff failing to allege PBF's nature of ownership — <u>e.g.</u>, corporation, unincorporated association — and thus failing to allege its citizenship; and the answer filed on behalf of PBF providing no guidance to the Court (<u>see</u> dkt. entry no. 15, 2nd Ans. at 2); and

**IT APPEARING** that the Court has been prevented from discerning whether the parties are deemed to be citizens of

2

different states, see 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal", Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court thus intending to dismiss the Complaint unless the plaintiff properly demonstrates (1) HHLLC's citizenship as it existed specifically on December 1, 2009, i.e., lists and analyzes each member within HHLLC, including non-managing and non-individual members, and provides supporting documentation and affidavits from those with knowledge of HHLLC's structure, (2) PBF's nature of ownership and an analysis of its citizenship as it existed on December 1, 2009, and (3) that there is jurisdiction under Section 1332; and the Court advising the plaintiff that it must specifically assert citizenship as it existed on December 1, 2009; and

**THE COURT** cautioning the plaintiff against restating the allegations from the Complaint; and the Court advising the plaintiff that a response as to where any member of HHLLC resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction, see McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); and the Court advising the

3

plaintiff that a response based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than Pennsylvania"), or a request for time to discern jurisdiction will result in the dismissal of the Complaint, as the plaintiff should have ascertained jurisdiction before choosing to bring an action in federal court, see Freedman, 180 Fed.Appx. at 320; and it appearing that, as the plaintiff is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity", CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004); and

**THE PLAINTIFF** being advised that a dismissal here would be without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and

**THE COURT** advising HHLLC and PBF, even though the burden is on the plaintiff, to cooperate in this jurisdictional analysis; and the Court advising HHLLC and PBF to refrain from asserting confidentiality for any membership layer, see Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (stating such details cannot be kept confidential from judiciary); Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional

4

analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible", as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies"); and the Court advising HHLLC and PBF that judgment will be entered against them in the plaintiff's favor if they do not cooperate, see Fed.R.Civ.P. 37(b); see, e.g., Wonders Trust v. Deaton, Inc., 200 F.R.D. 473, 480 (M.D. Fla. 2000) (dismissing complaint for plaintiff's willful failure to respond to Court's jurisdictional inquiry, as plaintiff "should not be permitted, through recalcitrance, to prevent this Court from determining its own subject-matter jurisdiction"); and for good cause appearing;

**IT IS THEREFORE** on this        26th        day of March, 2010, **ORDERED** that the plaintiff shall **SHOW CAUSE** why the Complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § 1332; and

**IT IS FURTHER ORDERED** that the parties, if responding, must file responses with the Court electronically by 5 P.M. on the following dates:

       April 12, 2010      Plaintiff's response

       April 19, 2010      Defendants' responses

       April 23, 2010      Plaintiff's reply; and

**IT IS FURTHER ORDERED** that **NO ENLARGEMENTS OF TIME WILL BE GRANTED** to respond, even with the consent of all parties, barring extraordinary circumstances;[1] and

**IT IS FURTHER ORDERED** that if the plaintiff fails to respond to this Order to Show Cause, then the plaintiff will be deemed to be in support of dismissal; and

---

[1] Extraordinary circumstances do not include: (1) upcoming legal or religious holidays, (2) the parties or counsel being on vacation when this Order to Show Cause was issued, or upcoming vacation plans, (3) difficulty in registering for electronic filing, (4) difficulty in complying with the electronic filing rules, (5) time to conduct discovery, (6) difficulty with a computer or internet access, or (7) any purported failure to be timely notified of this inquiry. See Freedman, 180 Fed.Appx. at 317-20 (noting district court, in sua sponte inquiry on jurisdiction, provided party only seven days to respond).

**IT IS FURTHER ORDERED** that this Order to Show Cause will be decided on **MONDAY, APRIL 26, 2010,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge